UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALPHA CREATIONS, INC., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-02390 |
| | § | |
| DANIEL K FINE JEWELRY USA, LLC, *et al*, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. #42), Plaintiff's Response (Doc. #45), and Defendants' Reply (Doc. #47). After considering the parties' arguments and applicable legal authority, the Court grants Defendants' Motion to Dismiss for lack of personal jurisdiction.

### I.  Background

This case is a declaratory judgment action for noninfringement, invalidity, and unenforceability of two patents owned by the Defendants ("Daniel K"). On or around July 26, 2016, the Plaintiff ("Alpha Creations") (a jewelry business based in Houston, Texas) received a cease-and-desist letter dated July 22, 2016, notifying it of alleged infringement of Daniel K patents (U.S. Patent Nos D513,712 and 7,269,973 entitled "Eternity Band with U-Shaped Seats for Gemstones). Doc. #1 at 21, Ex. 1. Daniel K is an L.L.C. incorporated in New York with its principle place of business in New York. Doc. #1 at 1; Doc. #42, Ex. A.[1] Daniel K initiated patent infringement lawsuits in the Southern District of New York against four other parties on May 27, 2016, before Alpha Creations brought this suit. Doc. #1 at 3. On August 8, 2016, Alpha Creations brought this declaratory judgment action against Daniel K. Daniel K argues that it is not

---

[1] Daniel K Jewelry L.L.C. is a privately held L.L.C. with its sole owner being Daniel Koren. Doc. #45, Ex. A.

incorporated in Texas, that it does not reside or have a place of business in Texas, and also that it does not have sufficient contacts with Texas and, therefore, this Court lacks personal jurisdiction over it. Additionally, Daniel K argues that venue in the Southern District of Texas is improper. Daniel K moves to dismiss this case under both Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(3) for improper venue. The question before the Court is whether Daniel K has sufficient minimum contacts with Texas such that jurisdiction is proper.

## II. Legal Standard

### A. Standard of Review

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume personal jurisdiction of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). In a Motion to Dismiss for lack of personal jurisdiction, the plaintiff has the burden to show jurisdiction is proper. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Absent an evidentiary hearing, a plaintiff satisfies its burden by presenting a prima facie case for personal jurisdiction. *See Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (stating "[o]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists.").

### B. Personal Jurisdiction

Federal Circuit law governs the issue of personal jurisdiction in a declaratory action intimately related to patent law. *See Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) (stating ". . . personal jurisdiction in a declaratory action for patent invalidity

and non-infringement is intimately related to patent law. . ."). Claims in the declaratory judgment context must arise out of, or relate to, a defendant patentee's enforcement of the patents in suit. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). "The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'" *Id.* at 1332–33 (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)).

"In many declaratory judgment actions, the alleged injury arises out of the threat of infringement as communicated in an 'infringement letter,' and the patentee may have little contact with the forum beyond this letter." *Broadway Nat'l Bank v. Plano Encryption Techs.*, 173 F.Supp.3d 469, 475 (W.D. Tex. Mar. 28, 2016) (citing *Avocent*, 552 F.3d at 1332). In a declaratory judgment action, the patentee sending cease-and-desist letters to the forum state is by itself insufficient to satisfy the jurisdictional requirement. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998). *Red Wing Shoe* explains that,

> Even though the letters are 'purposefully directed' at the forum and the declaratory judgment action 'arises out of' the letters, letters threatening suit for patent infringement sent to the alleged infringer by themselves 'do not suffice to create personal jurisdiction' because to exercise jurisdiction in such a situation would not 'comport with fair play and substantial justice.

*Silent Drive*, 326 F.3d at 1202. "Other activities" are required in addition to a cease-and-desist letter in order for a patentee to be subject to personal jurisdiction in the forum. *Campbell Pet. Co. v. Miale*, 542 F.3d 879, 885 (Fed. Cir. 2008) (citing *Genetic Implant Sys., Inc. v. Core Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997).

### C. Venue

"The patent venue statute, 28 U.S.C. § 1400(b), provides that, '[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.'" *TC Heartland v. Kraft Foods Group Brands*, 137 S.Ct. 1514, 1516 (2017). As a general rule, in declaratory judgment actions the general venue provision, 28 U.S.C. § 1391(b), applies rather than the patent venue statute. *Plano*, 173 F.Supp.3d at 473 (citing *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1577–78 (Fed. Cir. 1990).

### III. Analysis

#### A. Personal Jurisdiction

Alpha Creations asserts that cease-and-desist letters are "sufficient by themselves to provide minimum contacts. . . ," (Doc. #45 at 12) citing to *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1354 (Fed. Cir. 2017) for this assertion. However, in *Xilinx*, the defendant sent multiple notice letters, and traveled to the forum to discuss the alleged patent infringement and potential licensing agreements. 848 F.3d at 1354. A cease-and-desist letter is relevant to the jurisdictional inquiry but it is not alone sufficient. *See New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1038 (Fed. Cir. 2017) (stating "[w]hile the act of sending cease and desist letters is in-sufficient by itself to trigger a finding of personal jurisdiction, other activities by the defendant, in conjunction with cease and desist letters, may be sufficient.").

In addition to a cease-and-desist letter concerning infringement, it must be shown that a defendant engaged in "other activities" which relate to the enforcement or defense of the patents in suit. *Plano*, 173 F.Supp.3d at 475 (citing *Avocent*, 552 F.3d at 1334–35). For example,

"initiating judicial or extrajudicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.* Alpha Creations argues that because Daniel K jewelry is sold at a store ("Tootsies") in Houston, Texas, and Daniel K posted a photograph of "Tootsies" on its Twitter account "tweeting" the availability of its jewelry at "#Tootsies in #Houston, #Dallas . . ." that it has sufficient additional activity within Texas to justify jurisdiction. Doc. #45 at 13.

In contrast to activities which relate to the enforcement or the defense of the validity of the relevant patents in the forum, "the defendant patentee's own commercialization activity does not reflect 'other activities' supporting specific jurisdiction in a declaratory judgment action." *Id.* at 475–76 (citing *Avocent*, 552 F.3d at 1335). Daniel K selling its jewelry in Texas at "Tootsies" and tweeting about it are not "other activities" that relate to the enforcement of the relevant patents. *See Avocent*, 552 F.3d at 1335 (stating "[w]hat the patentee . . . offers to sell, sells, or imports is of no real relevance to the enforcement or defense of a patent, because 'the federal patent laws do not create any affirmative right to make, use, or sell anything.'") (quoting *Leatherman Tool Group Inc. v. Cooper Indus., Inc.*, 131 F.3d 1011, 1015 (Fed. Cir. 1997)). Outside of one cease-and-desist letter, Alpha Creations has not shown that Daniel K purposefully directed patent enforcement activities in Texas. Therefore, dismissal for lack of personal jurisdiction is appropriate.

As the Court has determined it lacks personal jurisdiction over Daniel K, the Court need not fully analyze whether venue is proper in the Southern District of Texas. However, the Court notes Alpha Creation's argument that "defendant [Daniel K] is a corporation, and under § 1391(c)(2) is deemed a resident of any judicial district in which it is subject to the Court's personal

jurisdiction." Doc. #45 at 18. As the Court does not have personal jurisdiction in this case, venue would not be proper in this Court.

### B. No Waiver of Jurisdiction Argument

Additionally, Alpha Creations argues that Daniel K's challenge to jurisdiction was not properly preserved and that Daniel K waived a jurisdictional defense by participating in this suit on the merits. The Court disagrees. In both of Daniel K's Answers (to the Original and First Amended Complaints), Daniel K contested personal jurisdiction and venue. Doc. #7 at 3 ¶ 7; Doc. #59 at 4 ¶ 8.[2] Personal jurisdiction could be waived even when a defendant has nominally preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense. *See Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1309 (Fed. Cir. 2005) (stating "a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal."). Daniel K has done the opposite of participating in this litigation. Daniel K has not litigated extensively on the merits or asserted affirmative claims for relief. Neither the law nor the facts justify the exercise of jurisdiction over Daniel K on the basis of its conduct. Accordingly, Daniel K did not waive its ability to challenge personal jurisdiction.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for lack of personal

---

[2] The Court acknowledges Alpha Creation's contention that Daniel K's Answer(s) was filed late. However, it is within the discretion of the Court whether to consider any late-filed answer. Daniel K's first Answer objecting to jurisdiction and venue filed prior to this Motion to Dismiss was sent to Alpha Creations approximately seven days late. Taking into account the procedural history of this case, and the fact that Alpha Creations has not demonstrated prejudice from the untimely filing of Daniel K's Answer(s), the Court hereby grants Daniel K leave to file its answer after the 21 day deadline. Therefore, Daniel K's objection to personal jurisdiction and venue in both Answer(s) is properly before the Court.

jurisdiction is GRANTED. This case is hereby DISMISSED without prejudice to re-file in a court with proper jurisdiction.

It is so ORDERED.

JAN 3 0 2018
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

7